**Erica L. KANAWYER, Plaintiff—Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant—Appellee.**

No. 03–15637.

D.C. No. CV–01–02361–GEB/JFM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2004.

Decided May 3, 2004.

James Hunt Miller, Oakland, CA, for Plaintiff–Appellant.

Grace B. Carter, Social Security Administration, San Francisco, CA, for Defendant–Appellee.

Before T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

MEMORANDUM*

Erica Kanawyer filed an application for Disability Insurance Benefits before the Social Security Administration (the "Administration"). An Administrative Law Judge ("ALJ") conducted an evidentiary hearing to determine whether Kanawyer was disabled within the meaning of the Social Security Act (the "Act"), at which hearing Kanawyer and a vocational expert testified. Kanawyer recounted her history of back problems, beginning in 1987 and continuing until the date of the hearing, and also presented medical evidence from the various physicians she had seen over the years. Kanawyer testified to severe and debilitating back pain that made it impossible for her to work, but acknowledged that she performs household chores and takes care of her infant by herself. In addition, a few of the medical reports in the record indicated that the reporting physicians believed that Kanawyer was purposefully performing on orthopedic examinations in a way that would make her pain seem more severe than it really was.

The ALJ subsequently issued a written decision denying Kanawyer's application for benefits on the ground that she was not

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"disabled" within the meaning of the Act because her back pain was not so severe as to preclude her from working. He explicitly found that Kanawyer was "not fully credible" and that her claim that she completes the daily activities listed above with great difficulty due to her back pain was "not believable." In short, the ALJ found that Kanawyer had "exaggerated the extent to which she has experienced pain, symptoms and limitations throughout the relevant adjudicatory period." Kanawyer appealed the ALJ's decision to the Appeals Council, which declined review, rendering the ALJ's decision the final decision.

Kanawyer timely filed a complaint in district court requesting review. The district court affirmed the denial of benefits on the grounds that the ALJ's decision was free of legal error and supported by substantial evidence. Kanawyer timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we also affirm the denial of benefits.

All agree that the ALJ applied the correct five-part legal test to the issue of Kanawyer's eligibility for disability benefits, *see* 20 C.F.R. § 404.1520, so our review is limited to whether the ALJ's finding that Kanawyer was not disabled was supported by substantial evidence. *See Benton v. Barnhart,* 331 F.3d 1030, 1035 (9th Cir.2003) (a "denial of disability benefits may be set aside only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record"). Notably, Kanawyer acknowledges that she did not appeal the ALJ's adverse credibility findings to the district court.

The basic question for the ALJ was whether Kanawyer's back pain was so severe that she was precluded from working. We conclude that the ALJ's finding that Kanawyer exaggerated the extent to which her pain affects her ability to work is supported by substantial evidence. Ka-

nawyer testified that her ability to sit or walk was extremely limited due to her back pain, that she had trouble lifting a gallon of milk, and that she needed to spend the better part of most days simply lying down. This testimony was called into question, however, by her admissions that her routine activities included caring for and feeding her twenty-pound infant, preparing meals, using a dishwasher, vacuuming, mopping, doing laundry and shopping once a week, and feeding a horse. In addition, her medical records indicated that she had gone at least one full year without visiting a doctor for her back pain, and that she engaged in regular exercise. Finally, the fact that two of Kanawyer's physicians reported that she performed on orthopedic examinations to make her pain seem more severe than it really was supports the ALJ's conclusion.

The ALJ's finding that Kanawyer was not disabled is supported by substantial evidence, and the district court's judgment in favor of respondent is therefore AFFIRMED.